**James D. TATHAM, Appellant,**

**v.**

**Randolph PALMER, Appellee.**

Court of Appeals of Kentucky.

April 25, 1969.

---

William M. Scalf, Sutton & Forcht, Corbin, for appellant.

Herman E. Leick, Corbin, for appellee.

WADDILL, Commissioner.

James Tatham appeals from a judgment entered pursuant to a verdict awarding Randolph Palmer the sum of $5,000.00 as damages for injuries he allegedly sustained while riding as a passenger in Tatham's automobile. The only ground for reversal that has been properly preserved for appellate review is whether the award of damages is excessive.

On July 11, 1965, Tatham's automobile collided with another automobile being operated by Tabitha Jackson. Palmer sued both Tatham and Jackson and upon trial the jury decided in favor of Palmer and Jackson and against Tatham.

We consider the evidence concerning the nature and extent of Palmer's injuries. Palmer, who was then eighteen years of age, was riding on the front seat of Tatham's automobile. When the collision occurred Palmer was thrown against the dashboard and his head struck the windshield causing lacerations on his forehead and chin. He also sustained a knee injury.

When the automobiles came to rest Palmer was able to extricate himself from Tatham's automobile and to hobble to the automobile occupied by Mrs. Jackson, but he soon became unconscious and was taken by ambulance to a hospital. While hospitalized for five days, glass was removed from his forehead and his injuries were treated by a physician.

Shortly after his discharge from the hospital, Palmer went to Chicago to seek employment. He testified that he had no opportunity to rest and recuperate from his injuries because he and his family were out of funds. When he arrived in Chicago he soon found out that he was unable to work due to headaches and nervousness. While his knee injury had promptly healed, for several months after the automobile accident he observed that particles of glass would work out of the laceration on his forehead. Later, when he did obtain employment he was never able to perform his duties due to his incessant headaches.

In December, 1965, he returned to the home of his parents, but continued to suffer from headaches. Nevertheless, he obtained employment, first in a coal mine and later with a construction crew, but was unable to wear a head helmet that was required in the type of work he was performing. He stated that the vibrations of the jackhammer he used caused the helmet to rub up and down on his forehead which intensified his headaches and increased his nervousness.

Palmer's testimony is supported in part by that of his mother who had a chance to observe him after his return home. Both she and her son testified that he had had no headaches nor nervousness prior to the injuries he sustained in the automobile accident. However, Palmer admitted on cross-examination that since his discharge from the hospital he had not been treated by a physician. Palmer did state that on several occasions he tried to obtain an appointment with the physician who had treated him while he was in the hospital, but he had been unsuccessful. At the time of trial Palmer still had visible scars on his forehead and chin.

Tatham contends that Palmer failed to produce medical testimony establishing a causal connection between the accident and his headaches and nervousness. He urges that, while it is not necessary to establish a causal connection with absolute medical certainty, it is incumbent upon Palmer to show a causal connection between the accident and the injuries by medical testimony and such testimony must be that the causation is probable and not merely possible. He relies on cases such as Kelly Contracting Company v. Robinson, Ky., 377 S.W.2d 892, and Herald v. Gross, Ky., 343 S.W.2d 831. The facts in the cases relied on are quite different from those appearing in the instant one and therefore call for an application of a different rule of law.

In Johnson v. Vaughn, Ky., 370 S. W.2d 591, we mentioned the difficulty in proving causation in certain types of cases and held that circumstantial evidence may be sufficient in some cases to prove causation. This rule was later recognized in Jarboe v. Harting, Ky., 397 S.W.2d 775, and is peculiarly applicable in the instant case because the sequence of events tended convincingly to show that the accident caused the injuries. Moreover, it is within the realm of common knowledge that a severe blow to the head will cause headaches and that severe shock, such as Palmer apparently had as a result of his accident, will produce nervousness as that claimed by Palmer. 31 Am.Jur.2d, Expert and Opinion Evidence, sections 98 and 99, pages 620–621. However, the conclusion reached in this case does not mean we are departing from the rule requiring medical evidence to show causation when the claimed internal or external injuries allegedly resulting from the accident are not within the realm of common knowledge. We hold that the verdict is supported by competent evidence and that the jury was entitled to decide whether Palmer's injuries resulted from the accident.

■ The evidence produced in behalf of Palmer shows that Palmer had no headaches or nervousness prior to his accident. It was uncontradicted that he sustained lacerations to his forehead and chin which caused considerable bleeding at the time of the accident. It was also shown that for a period of five days following the accident Palmer was hospitalized and received medical treatment. It was further shown that scars to his forehead and chin were visible at the time of trial and that for several months slivers of glass worked out of the injury to his forehead. When Palmer's injuries are considered in connection with the testimony that he was suffering pain and was unable to work as a result of his injuries, we are unwilling to say that the jury's award of $4,625.00 ($5,000.00 less $375.00 medical expenses) was excessive.

The judgment is affirmed.

All concur.